## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

BOLLHOFF SYSTEMTECHNICK GMBH & CO.,

       Plaintiff,

v.                                                                          Case No. 05-CV-73214-DT

HENROB LIMITED,

       Defendant/Counter-Plaintiff,

v.

BOLLHOFF SYSTEMTECHNICK GMBH & CO
and BOLLHOFF RIVNUT, INC.,

       Counter-Defendants.

_____/

### ORDER DENYING PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER
### AND GRANTING DEFENDANT'S MOTION TO COMPEL

Pending before the court are cross-motions related to the scope and timing of discovery: a motion to compel filed by Defendant/Counter-Plaintiff Henrob Limited ("Henrob") and a motion for a protective order filed by Plaintiff/Counter-Defendant Bollhoff Systemtechnick ("Bollhoff").  Having reviewed the briefs, the court concludes a hearing is unnecessary.  *See* E.D. Mich. LR 7.1(e)(2).  For the reasons stated below, the court will grant Henrob's motion and deny Bollhoff's motion.

The parties' dispute centers around Henrob's October 25, 2005 "First Set of Interrogatories," to which Bollhoff initially agreed to respond but, after subsequently "reconsider[ing] the issue," refused to respond.  (11/17/05 Letter, Henrob's Ex. E.) Specifically, during an October 19, 2005 status conference, Henrob requested an opportunity to discover who Bollhoff's customers were, with the intention of deciding

whether to move to amend the complaint to add Bollhoff's customers as additional defendants.  Initially, Henrob agreed, so long as the parties entered into a stipulated protective order.  Accordingly, Henrob served the interrogatories on Bollhoff on October 25, 2005, and Bulhoff sent to Henrob a proposed protective order on October 26, 2006. (*Id.*)  Although a stipulated protective order was entered on November 18, 2005, Bollhoff has refused to respond to Henrob's interrogatories.

Bollhoff does not raise any objection to the propriety of the interrogatories, or otherwise challenge their scope, relevance or breadth.  Bollhoff's sole argument is that it should not be required to release this information until the infringement stage of discovery, and asks the court to enter a protective order deferring the deadline for responding to the interrogatories until a date after the issuance of a claim construction order.  (Bollhoff's Mot. Br. at 11.)  Bollhoff argues that during the court's November 9, 2005 status conference, as memorialized in the November 18, 2005 "Preliminary Scheduling Order," the court ordered that discovery would be phased, with the first phase directed only at issues related to claim construction.  (*See* 11/18/05 Order at 1.) Bollhoff asserts that the identity of its customers is related only to infringement issues, not to claim construction issues, and thus it should not be required to release its sensitive customer information at this time.  (Bollhoff Mot. Br. at 7.)

Bollhoff moves for a protective order under Federal Rule of Civil Procedure 26(c), which provides that upon motion by any party, and for good cause shown, the court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.  Fed. R. Civ. P. 26(c).  Rule 26(c) specifically provides that the court may order "that the disclosure or

2

discovery may be had only on specified terms and conditions, including a designation of the time or place." Fed. R. Civ. P. 26(c)(2); *see also In re Mann*, 220 B.R. 351, 355 (Bankr. N.D. Ohio 1998) (citing *Misco, Inc. v. United States Steel Corp.,* 784 F.2d 198, 206 (6th Cir.1986)) ("In the face of discovery disputes, the decision as to the manner and timing in which discovery should proceed is left to the sound discretion of the trial court."). Here the court does not find good cause to enter a protective order under Rule 26(c) delaying the production of Bollhoff's responses to Henrob's interrogatories.

Bollhoff's primary concern is its belief that Henrob will use the customer information to contact, harass or bring into this action Bollhoff's customer's. (*See* Bollhoff's Mot. at 2-3.) Much of Bollhoff's concern, however, can be alleviated by including in this order a preemptive directive against any efforts to contact Henrob's customers. Further, the parties spend the majority of their briefs debating whether adding additional parties is appropriate at this stage, but the court finds this issue is simply premature at this point. There has been no motion to amend the complaint or motion for joinder. Although adding some or all of Henrob's customers as defendants is the expressed motivation behind the interrogatories, the only issue currently before the court is whether the production of the customer information should be provided now or after the claim construction order is issued. The court finds that the production should be made immediately. While the court has not made a definitive determination, Henrob has at least made a colorable argument that it may be proper to add the additional defendants prior to the claim construction hearing, in order to avoid the potential for duplicative or contradictory rulings and to allow the potential defendants to present their

own claim construction arguments.[1]  Accordingly, the court finds that Bollhoff's customer's identities is relevant, not only to infringement issues, but also, potentially, to claim construction issues.  For these reasons,

IT IS ORDERED that Henrob's motion to compel [Dkt. # 27] is GRANTED and Bollhoff's motion for a protective order [Dkt. # 21] is DENIED.   IT IS FURTHER ORDERED that Bollhoff shall respond to Henrob's October 25, 2005 interrogatories within fourteen days of the date of this order.  The responses shall be designated "Highly Confidential" under the terms of the November 18, 2005 Protective Order, and Henrob shall not utilize those responses to make any contact with Bollhoff's customers pending further order of the court.


                                         S/Robert H. Cleland
                                        ROBERT H. CLELAND
                                        UNITED STATES DISTRICT JUDGE

Dated:  February 7, 2006


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 7, 2006, by electronic and/or ordinary mail.


                                         S/Lisa Wagner
                                        Case Manager and Deputy Clerk
                                        (313) 234-5522

---

[1]The court reiterates that it has not reached a final conclusion on this issue.  Until the customer information is provided to Henrob, and until the matter is properly briefed, the court cannot at this point determine whether this litigation should be expanded to include any or all of Bollhoff's customers.  At this point, it is still unclear as to the extent of the delay or the scope of the issues which such addition would entail.