**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

HENROB LIMITED,

    Plaintiff/Counter-Defendant,

v.                                                         Case No. 05-CV-73214-DT

BÖLLHOFF SYSTEMTECHNICK GMBH & CO.,
BÖLLHOFF RIVNUT, INC.,
BAYERISCHE MOTOREN WERKE AG, BMW NA,
ROLLS-ROYCE MOTOR CARS LTD.
and ROLLS-ROYCE NA,

    Defendants/Counter-Plaintiffs.

                                                    /

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S
MOTION TO DISSOLVE THE COURT'S ORDER GRANTING ENLARGEMENT
OF TIME FOR DEFENDANTS TO FILE A SUPPLEMENTAL BRIEF OR,
IN THE ALTERNATIVE, TO AMEND THE SCHEDULING ORDER,
AND GRANTING PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

Pending before the court is Plaintiff Henrob Limited's August 8, 2007 motion to dissolve the court's order granting an enlargement of time for Defendants to file a supplemental brief in support of their motion for summary judgment or, in the alternative, to amend the scheduling order, and Plaintiff's August 10, 2007 motion to compel discovery from Defendant Bayerische Motoren Werke AG ("BMW").

**I. PLAINTIFF'S MOTION TO DISSOLVE THE COURT'S 8/3/07 ORDER OR, IN THE ALTERNATIVE, TO AMEND THE SCHEDULING ORDER**

On March 23, 2007, Defendants jointly filed their "Motion for Summary Judgment of Non-infringement of the '305 Patent." In support of their motion, Defendants referenced scientific tests conducted in Germany in December 2006 by Defendants' experts, Drs. Ulm and Flugge. (*See* generally Defs.'s Mot. For Summ. J.) In their

motion, Defendants maintained that the "[s]cientific testing conducted by Bollhoff's experts, Dr. Ulm and Dr. Flugge, establishes that the clamping forces applied by the Bollhoff Riveter and in the Bolhoff Riveting Method are not 'of such magnitude to significantly restrict the inward, lateral flow of sheet material that is subject to the clamping force.'" (*Id.* at 12.) Thereafter, pursuant to the court's April 12, 2007 order, Plaintiff was given until August 10, 2007 to complete the discovery necessary to respond to Defendants' motion and until September 7, 2007 to file a response to Defendants' motion. (4/12/07 Order.)

On July 13, 2007, Defendants filed a motion for leave to file a supplemental brief in support of their motion for summary judgment. Defendants explained that during Dr. Ulm's June 19, 2007 deposition, Dr. Ulm first realized that there was an error in the December testing. (Defs.'s Mot for Leave to File Supp. Brief at 3.) Specifically, the reference line that was on the top sheet of material was mistakenly placed outside of the "effective clamping area." The mistake was still undetected at the time Defendants submitted their summary judgment motion. (*Id.*) Consequently, the data upon which Defendants based their motion for summary judgment was flawed.

On June 26, 2007, Defendants conducted additional testing in order to correct the error. (*Id.* at 4.) In the second set of tests, the reference line was placed in the correct location. (*Id.*) According to Defendants, the results of the second tests were the same as the first, namely, that the clamping forces applied by the Bolhoff Riveter, and in the Bolhoff Riveting Method, are not "of such a magnitude to significantly restrict the inward, lateral flow of sheet material that is subject to the clamping force." (*Id.*) The court accepted Defendants' claim that their supplemental brief added only factual

2

information and did not change any of Defendants' legal arguments, theories or positions as set forth in their motion for summary judgment, and allowed Defendants to submit their supplemental brief.

Because the court finds that the data from the second tests is vital to the determination of Defendants' motion for summary judgment, the court will not dissolve its August 3, 2007 order allowing Defendants to file their supplemental brief. The court does, however, recognize that Plaintiff requires additional time in order to examine the new data and formulate a response to Defendants' motion for summary judgment. Thus, the court finds that an amendment to the scheduling order is warranted.

## II. PLAINTIFF'S MOTION TO COMPEL

Plaintiff next argues that BMW should be compelled to allow inspection and testing of its riveting machines at BMW's plant. (Pl.'s Mot. to Compel.)

During the April 10, 2007 status conference, the parties discussed the scope of discovery with respect to the testing of various riveters at Defendants' plants. The court indicated that Plaintiff could test BMW's machines, so long as it did so within reason and did not unduly upset the operation of the factory. Plaintiff has asked BMW several times to make available for testing working examples of the self-pierce riveters purchased by BMW from Bollhoff, but BMW has denied access to the machines on the basis that Plaintiff should only be permitted to test the machines that Bolhoff has conducted tests upon, not machines used in production. (Defs.'s Resp. to Pl.'s Requests for Production at 7, Pl.'s Mot. to Compel Ex. 2; Defs.'s Counsel's Letter of 7/9/07, Pl.'s Ex. 9.) In its response motion, BMW claims that the testing sought by Plaintiff is unnecessary and unduly intrusive to BMW's plant. (*See* generally BMW's

Resp.)  Contrary to BMW's assertions, the court finds that inspection and testing of working examples of the self-pierce riveter machines is necessary to allow Plaintiff a meaningful opportunity to substantiate its infringement claim.  The court is mindful of the potential burdens that testing will place upon BMW, and has put into place certain testing guidelines, outlined *infra,* to alleviate, to the extent possible, BMW's hardship.[1]

### III.  CONCLUSION

For the reasons stated above,

IT IS ORDERED that Plaintiff shall conduct the discovery necessary to respond to Defendants' motion for summary judgment and supplemental brief by **September 27, 2007**.  Plaintiff shall file its response to Defendants' motion on or by **October 18, 2007.**  Defendants' reply, if any, shall be filed on or by **November 8, 2007**.  The court will conduct a hearing on the matter on **December 5, 2007 at 2:00 p.m.**

IT IS FURTHER ORDERED that BMW permit Plaintiff to inspect and test at BMW's facilities two machines of Plaintiff's choice which are working examples of the Bolhoff self-pierce riveter.  The testing shall occur while the selected machines are not in use by BMW and Plaintiff is directed to make every effort to minimize disruption of BMW's plant.  BMW shall not be required to reprogram its production line machines to accommodate the testing.  As indicated above, this discovery must be completed by **September 27, 2007.**

---

[1] Defendant BMW repeatedly questions, or alludes to, whether proper Rule 11 pre-suit investigation was done by Plaintiff. It appears to assert that such presumed early testing should have obviated the need for the presently-proposed testing. Whatever Rule 11 violations may be later revealed, however, are not ripe for determination in the context of this motion.

4

<pre>
                              s/Robert H. Cleland
                              ROBERT H. CLELAND
                              UNITED STATES DISTRICT JUDGE
</pre>

Dated: September 5, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 5, 2007, by electronic and/or ordinary mail.

<pre>
                              s/Lisa G. Wagner
                              Case Manager and Deputy Clerk
                              (313) 234-5522
</pre>

S:\Cleland\JUDGE'S DESK\C3 ORDERS\05-73214.Henrob.OrderAllowingAmendmentToSchedOrderAndCompellingDisc.wpd