**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

HENROB LIMITED,

    Plaintiff/Counter-Defendant,

v.                                                            Case No. 05-CV-73214-DT

BÖLLHOFF SYSTEMTECHNICK GMBH & CO.
and BÖLLHOFF RIVNUT, INC.,
BAYERISCHE MOTOREN WERKE AG, BMW NA,
ROLLS-ROYCE MOTOR CARS LTD.
and ROLLS-ROYCE NA,

    Defendants/Counter-Plaintiffs.

_____/

**OPINION AND ORDER DENYING PLAINTIFF'S**
**"MOTION FOR ENTRY OF JUDGMENT OF INFRINGEMENT . . ."**

This litigation involves two patents, U.S. Patent No. 5,752,305 (the "'305 Patent" and U.S. Patent No. 5,779,127 (the "'127 Patent"), which deal with the self-piercing riveting technology invented by Plaintiff/Counter-Defendant, Henrob Limited ("Henrob"). On October 25, 2006, the court issued an order pursuant to *Markman v. Westview Instruments, Inc.*, 52 F.3d 967 (Fed. Cir. 1995) (*en banc*), *aff'd*, 517 U.S. 370 (1996), construing the two Patents. Now before the court is Henrob's "Motion for Entry of Judgment of Infringement of U.S. Patent No. 5,779,127 Against the Böllhoff Defendants," filed on October 30, 2007. Henrob seeks an entry of judgment of infringement, at least as to liability, against Defendants/Counter-Plaintiffs, Böllhoff Systemtechnik GmbH & Co., and Böllhoff Rivnut, Inc. (collectively "Böllhoff"). The matter has been fully briefed and the court has determined that a hearing on the motion

is unnecessary.  *See* E.D. Mich. LR 7.1(e)(2).  For the reasons set forth below, the court will deny the motion.

Henrob does not bring a motion under Federal Rule of Civil Procedure 56 or otherwise argue that the undisputed facts entitle it to a judgment of infringement as a matter of law.[1]  Rather, Henrob argues that, based on certain representations allegedly made by Böllhoff's counsel during an off-the-record status conference, Böllhoff is purportedly precluded from contesting liability on the '127 Patent.  The court rejects Henrob's argument.  The court is not convinced of the legitimacy of its factual predicate or the asserted legal implications of that predicate.

Henrob contends that during the April 10, 2007 status conference, the parties discussed "issues relating to discovery and the briefing schedule" for Böllhoff's March 23, 2007 motion for summary judgment of non-infringement of the '305 Patent. (Henrob's Mot. Br. at 1.)  The court recollects this conference, and agrees that this was the subject of the conference.  Henrob also contends that, during the conference, it argued that, despite Böllhoff's arguments to the contrary, Böllhoff's motion was not a dispositive motion because it did not address the '127 Patent.  The court recollects that Henrob made this contention.  Henrob further argues that, in an attempt to convince the

---

[1]To the extent that Henrob argues, substantively, that it is entitled to summary judgment based on the court's claim construction order, the court rejects that argument.  In summary judgment motions, the moving party must first show the absence of a genuine issue of material fact.  *Plant v. Morton Int'l, Inc.*, 212 F.3d 929, 934 (6th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).  Only then does the burden shift to the nonmoving party, who must put forth enough evidence to show that there exists a genuine issue to be decided at trial.  *Id.*  (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986)).  In this case, Henrob has made no affirmative showing that it is entitled to summary judgment based on the court's construction of the '127 Patent.

2

court to adopt its proposed schedule, Böllhoff represented that it would stipulate to a judgment against it on the '127 Patent. The court agrees that Böllhoff made a *similar* representation, but does not recollect Böllhoff's counsel making any clear admission of liability or waiver of defenses, as Henrob asserts. Rather, from the court's recollection of the statement, Böllhoff's counsel made a prediction that given (what he represented to be) the small amount of damages involved, he believed that Böllhoff could stipulate to liability of the '127 Patent. The court does recollect that the prediction was cast in strong terms and, in hindsight, perhaps over-confidently.[2] Nonetheless, the statement was made, and the court accepted it, as a prediction in order to aid the court in its decision on how to structure discovery. It was not made, as Henrob attempts to construe it, as a pseudo-offer which, if accepted, would bind Böllhoff to an admission of

---

[2]The parties have obviously not settled the '127 Patent. It is, however, not surprising that Böllhoff has not agreed to stipulate to the entry of the five-page judgment of liability prepared by Henrob without also resolving the amount of damages or attorney fees. Moreover, from the court's recollection of Böllhoff's counsel's statement, the willingness to agree to an entry of judgment was linked to the low amount of damages involved. If the parties have been unable to agree to the amount of damages, it is not remarkable that Böllhoff has been unwilling to stipulate to a judgment of liability. That said, counsel has an on-going responsibility under Federal Rule of Civil Procedure 11 to avoid unnecessarily increasing the cost of litigation. Further, Rule 11 provides that an attorney's signature carries with it various certifications, including the certification that a legal claim or defense is nonfrivolous or is likely to have evidentiary support. If it is true, as Henrob suggests, that there is no legal support to Böllhoff's position on the '127 Patent, at some point counsel may be required to make certain concessions. Further, the new version of Federal Rule of Civil Procedure 56 specifically allows, indeed instructs, the court to narrow the issues to the extent practicable prior to trial. *See* Fed. R. Civ. P. 56(d). To that end, it is possible that liability of the '127 Patent may be revisited, at the appropriate time, by a motion under Rule 56 which may be directed solely at liability, if not also at damages. However, the court strongly encourages the parties to resolve those issues which are uncontested, or are unable to be contested, rather than wasting judicial resources, and increasing the cost of this litigation, by filing unnecessary motions.

liability. Nor was it the sole basis for the court's decision to structure discovery as it did.

The court understands Henrob's frustration with the delay caused by Böllhoff's early summary judgment motion. Nonetheless, the court will not bind Böllhoff to an off-the-record prediction which its counsel made in an effort to fully inform the court on the status of the litigation.

Even if the court agreed with Henrob's recollection of the statement, the court would be unlikely to bind Böllhoff on such a serious issue as liability to a contested off-the-record statement made by its counsel. Henrob argues that Böllhoff is judicially estopped from contesting liability of the '127 Patent. (Henrob's Mot. Br. at 5-6 (citing *Renishaw plc v. Marposs Societa' Per Azioni*, 974 F. Supp. 1056, 1085 (E.D. Mich. 1997) (Gadola, J.).) In *Renishaw*, Judge Gadola explained the doctrine of judicial estoppel as follows:

> This Circuit has established a rule for determining when judicial estoppel should be applied. In the Sixth Circuit, judicial estoppel forbids a party from taking a position inconsistent with one successfully and unequivocally asserted by the same party in a prior proceeding. *United States v. Owens,* 54 F.3d 271, 275 (6th Cir.), *cert. dismissed*, 516 U.S. 983, 116 S.Ct. 492, 133 L.Ed.2d 418 (1995). In order to invoke judicial estoppel, a party must show that the opponent took a contrary position under oath in a prior proceeding and that the prior position was accepted by the court. *Id.* The doctrine preserves the integrity of the courts by preventing a party from abusing the judicial process through cynical gamesmanship, achieving success on one position, then arguing the opposite to suit an exigency of the moment. *Warda v. Commissioner of Internal Revenue*, 15 F.3d 533, 538 (6th Cir.), *cert. denied,* 513 U.S. 808, 115 S.Ct. 55, 130 L.Ed.2d 14 (1994). Judicial estoppel only requires a finding of "judicial acceptance," i.e., that the first court adopted the position urged by the party, either as a preliminary matter or as a part of a final disposition. *Id.*

*Renishaw*, 974 F. Supp. at 1085 (footnote). While the court agrees with this recitation of the law, judicial estoppel simply does not apply where, as here, there has not been

4

an unequivocal assertion of a position. An off-the-record statement, made informally under the circumstances present here, whose interpretation is disputed and, indeed, reasonably susceptible to different meanings, does not qualify as "unequivocal."[3] Nor is the court persuaded that it "adopted" the position purportedly urged by Böllhoff's counsel. The court only listened to counsel's various predictions and arguments in favor or against their proposed schedules, and then imposed a schedule which the court determined best fit the circumstances. This does not mean that the court "adopted" Böllhoff's alleged "admission" of liability of the '127 Patent anymore than the court "adopted" Böllhoff's other arguments including, for example, its argument that its motion would in fact be dispositive of the '305 Patent.

For these reasons, the court is not persuaded that Böllhoff made any kind of binding admission during the April 10, 2007 status conference and, even if it did make such an admission, the court is not persuaded that the alleged admission was sufficient to entitle Henrob to a judgment of liability. Accordingly,

IT IS ORDERED that Henrob's "Motion for Entry of Judgment of Infringement of U.S. Patent No. 5,779,127 . . . " [Dkt. #139] is DENIED.

    S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: January 9, 2008

---

[3]This is not to say that an off-the-record statement could never qualify to invoke judicial estoppel. The court only finds that, in this case, the statement was not unequivocal.

5

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 9, 2008, by electronic and/or ordinary mail.

                                             S/Lisa Wagner
                                             Case Manager and Deputy Clerk
                                             (313) 234-5522

S:\Cleland\JUDGE'S DESK\C3 ORDERS\05-73214.HENROB.Admission.127.wpd