**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

HENROB LIMITED,

    Plaintiff/Counter-Defendant,

v.                                                         Case No. 05-CV-73214-DT

BÖLLHOFF SYSTEMTECHNICK GMBH & CO.
and BÖLLHOFF RIVNUT, INC.,
BAYERISCHE MOTOREN WERKE AG, BMW NA,
ROLLS-ROYCE MOTOR CARS LTD.
and ROLLS-ROYCE NA,

    Defendants/Counter-Plaintiffs.

_____/

**OPINION AND ORDER DENYING DEFENDANTS'**
**MOTION TO MODIFY CERTAIN DATES SET IN SCHEDULING ORDER**

Pending before the court is an "*Ex Parte* Motion and Brief to Modify Dates Scheduled in Scheduling Order," filed on January 9, 2008 by Defendants/Counter-Plaintiffs, Böllhoff Systemtechnik GmbH & Co., and Böllhoff Rivnut, Inc. (collectively "Böllhoff"). An opposition brief has been filed by Plaintiff/Counter-Defendant, Henrob Limited ("Henrob"). A hearing on this matter is not needed and, for the reasons stated below, the court will deny the motion. *See* E.D. Mich. LR 7.1(e)(2).

This patent litigation was originally initiated in the Northern District of Illinois on May 20, 2005 and was transferred to this court on August 19, 2005. The court has issued an order pursuant to *Markman v. Westview Instruments*, *Inc.*, 52 F.3d 967 (Fed. Cir. 1995) (*en banc*), *aff'd*, 517 U.S. 370 (1996), and has resolved Böllhoff's motion for summary judgment based on that construction. (*See* 10/25/06 Order; 11/30/07 Order.)

Following the issuance of the November 30, 2007 order, the parties submitted their competing views regarding the remaining deadlines to be scheduled. The court carefully reviewed their joint submission and issued a scheduling order on January 4, 2008. The court stated, on the first page of the order, that it seldom extends deadlines. (1/04/08 Order at 1.) Nonetheless, five days later, Böllhoff filed the instant motion, seeking various extensions on dates set in the scheduling order. The sole basis of the motion is Böllhoff's counsel's purported conflict between this court's scheduling order and an order issued by the United States District Court for the Eastern District of Texas in an unrelated case. (*See Positive Technologies ("PT") v. BenQ America Corp., et. al.,* Case No. 2:07-cv-67 (the "LG Philips Lawsuit").) The court is not persuaded.

Contrary to Böllhoff's argument, there does not exist a sufficient conflict between the two scheduling orders to justify an extension in this case. The only identical dates are the discovery deadlines and the rest of the dates are between two and five weeks apart. Further, as pointed out by Henrob, the requested extensions in this case do not always alleviate the purported conflict, they would simply reverse the order of submission between the two cases by the same time differential. Although the dates between the two orders are admittedly similar, the court does not agree with counsels' assertion that this makes it "impossible . . . to competently comply with the Court's schedule set in this case." (Böllhoff's Mot. at 1.) It may be difficult or time-consuming for lead counsel Alan Unikel to litigate both cases, but such is the nature of litigation. Unless an attorney takes on only one case at a time, time-management will be an issue in any attorney's daily practice. While sometimes there will be a direct conflict between cases, such as court dates scheduled on the same day at the same time, this is not one

2

of those situations. Simultaneous discovery or motion deadlines can be effectively managed provided, as here, that counsel has sufficient advance warning. Mr. Unikel will need to carefully organize his discovery schedules in the two cases and will likely require cooperation with opposing counsel.[1] Mr. Unikel will also likely need to rely on his co-counsel and local counsel to help him comply with the court's deadlines. However, in any patent or complex litigation, such reliance is a normal course of the litigation. Mr. Unikel's purported conflict is simply not a basis, at this time, to extend the court's deadlines.[2]

This case has been pending for over two-and-a-half years. It is among the oldest cases on this court's docket. Absent extraordinary circumstances, the court will not allow any further unwarranted delays. It is time for this case to reach resolution. Accordingly,

IT IS ORDERED that Böllhoff's motion to modify certain dates set in the scheduling order [Dkt. #157] is DENIED.

 S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: January 14, 2008

---

[1] The court expects such cooperation in this and all other cases on its docket. Particularly in this case, where Henrob has advance notice of Mr. Unikel's scheduling issues, the court expects both parties to be cognizant that the scheduling of depositions and other discovery deadlines should occur rapidly so that potential conflicts can be avoided.

[2] Mr. Unikel is, of course, free to move for an extension in the LG Philips Lawsuit which, as a 2007 case, has been pending for far less time than this 2005 case.

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 14, 2008, by electronic and/or ordinary mail.

                                                S/Lisa Wagner
                                                Case Manager and Deputy Clerk
                                                (313) 234-5522