**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

HENROB LIMITED,

        Plaintiff/Counter-Defendant,

v.                                    Case No. 05-CV-73214-DT

BÖLLHOFF SYSTEMTECHNICK GMBH & CO.
and BÖLLHOFF RIVNUT, INC.,
BAYERISCHE MOTOREN WERKE AG, BMW
NA, ROLLS-ROYCE MOTOR CARS LTD.
and  ROLLS-ROYCE NA,

        Defendants/Counter-Plaintiffs.

                                   /

### OPINION AND ORDER DENYING DEFENDANTS' MOTION TO BIFURCATE

Pending before the court is an "*Ex Parte* Motion and Brief to Conduct a Separate Bench Trial for the Defense of Inequitable Conduct Before a Jury Trial, Pursuant to F.R.C.P. 42(B)," filed on February 7, 2008 by Defendants/Counter-Plaintiffs, Böllhoff Systemtechnik GmbH & Co., and Böllhoff Rivnut, Inc. (collectively "Böllhoff").  An opposition brief has been filed by Plaintiff/Counter-Defendant, Henrob Limited ("Henrob").  A hearing on this matter is not needed and the court will deny the motion. *See* E.D. Mich. LR 7.1(e)(2).

In its most recent motion, Böllhoff requests that the court amend its January 4, 2008 scheduling order to allow for a bifurcated trial.  Specifically, Böllhoff argues that its defense of inequitable conduct should be tried to the bench prior to a separate trial on the jury issues.  Böllhoff assures the court that it is "confident" in the merits of its

inequitable conduct defense and that resolution of this issue first will necessarily limit the remaining issues for the jury. (Böllhoff's Mot. at ¶ 6.) In Henrob's response, it agrees that the issue of inequitable conduct is an equitable one for the court to decide, and therefore does not oppose a separate bench trial on the issue. (Henrob Resp. at 1.) However, Henrob suggests that the bench trial should occur immediately after the jury trial. Henrob also asserts that, because many of the witnesses for the two trials overlap, the court could conduct part of its bench trial, outside the presence of the jury, on the same day as the jury trial. (*See* Henrob's Resp. at 1, n.1.)

Böllhoff brings its motion under Federal Rule of Civil Procedure 42(b), which provides that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Whether and how to bifurcate trials is a matter left within the sound discretion of the district court. *See Shum v. Intel Corp.,* 499 F.3d 1272, 1276 (Fed. Cir. 2007)*; American Trim, L.L.C. v. Oracle Corp.,* 383 F.3d 462, 474 (6th Cir. 2004).

Having carefully considered the parties' competing proposals, the court will deny Böllhoff's motion. The court is not persuaded that an earlier bench trial would necessarily simplify matters for the jury. Nor is the court convinced that Böllhoff's proposal is the more economical manner in which to proceed. Rather, the court is inclined to find more efficient Henrob's proposal of proceeding directly to a jury trial on the merits. The court will simultaneously receive evidence on the inequitable conduct claim, supplemented as needed out of the jury's presence.

For the reasons discussed above, IT IS ORDERED that Böllhoff's motion to bifurcate [Dkt. #162] is DENIED.


        S/Robert H. Cleland                
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  February 28, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 28, 2008, by electronic and/or ordinary mail.


        S/Lisa Wagner                   
Case Manager and Deputy Clerk
(313) 234-5522