UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HENROB LIMITED,

        Plaintiff/Counter-Defendant,

v.                                                 Case Number: 05-CV-73214-DT

BÖLLHOFF SYSTEMTECHNIK GMBH &
CO. KG, BÖLLHOFF RIVNUT, INC.,
BAYERISCHE MOTOREN WERKE AG,
BMW NA, ROLLS-ROYCE MOTOR CARS
LTD. and ROLLS-ROYCE NA,

        Defendant/Counter-Plaintiffs.
_____/

**OPINION AND ORDER GRANTING IN PART PLAINTIFF'S "MOTION FOR
DISQUALIFICATION . . ." AND
SCHEDULING A TELEPHONE CONFERENCE**

Pending before the court is Plaintiff Henrob Limited's ("Henrob's") motion to disqualify Joseph Lanser as counsel and for leave to amend Henrob's witness list, filed on November 13, 2008, to add Lanser as a witness. Defendants Böllhoff Systemtechnik GMBH & Co. KG, Böllhoff Rivnut, Inc. (collectively, "Böllhoff"), Bayerische Motoren Werke AG, BMW NA, Rolls-Royce Motor Cars Ltd. and Rolls-Royce NA oppose the motion. The court heard oral argument on the motion on December 19, 2008. For the reasons set forth below, Plaintiff's motion is granted in part.

**I. BACKGROUND**

Plaintiff filed the present motion in response to Böllhoff's decision to rely on its advice of counsel in defense of Henrob's willful infringement claim. Plaintiff argues that Böllhoff purposefully failed to provide Joseph Lanser and Harold Stotland, respectively

Böllhoff's trial and opinion counsel, with adequate and complete information "regarding the operation of [U.S. Patent No. 5,752,305 ("305 patent") and No. 5,779,127 ("127 patent")], the subject of the non-infringement opinions" submitted to the Patent Office for reexamination.[1]  Plaintiff argues that the court should disqualify Lanser as trial counsel because, having drafted the reexamination requests and an opinion regarding the patents-in-suit, Lanser has become a necessary witness needed to provide testimony that "weighs heavily on the veracity of the opinions themselves and Böllhoff's pattern of insufficient dealing with its counsel."  (Pl.'s 12/15/08 Reply Br. at 4.)  Plaintiff claims Lanser's absence will not cause Defendant substantial hardship.

Plaintiff correspondingly seeks leave to amend its witness list to add Lanser and Stotland, *Id.* at 9., asserting good cause for its late request due to Defendants' alleged delay in disclosing communications, refusal to consent to Plaintiff's request to amend, and filing of multiple summary judgment and ancillary motions.[2]  (*Id.*)  Plaintiff contends that adding Lanser and Stotland to its witness list will not prejudice Defendants.

On December 1, 2008, Defendants filed a brief in opposition of Plaintiff's motion.  (Defs.' 12/01/08 Resp.)  Defendants assert Lanser is not a "necessary" witness to the patents-in-suit because both requests for reexamination regarding the 305 patent and 127 patent are matters of public record and "'speak for themselves.'"  (Defs.' 12/01/08

---

[1] Plaintiff asserts Lanser's representations in the reexamination requests for the 305 patent were inconsistent with Stotland's invalidity opinions "regarding the sufficiency of the disclosure of the applied clamping force during the riveting process."  (Pl.'s 12/11/08 Reply Br. at 5, emphasis omitted.)  Plaintiff also claims Defendant misled the Patent Office by failing to include a page of drawings from the prior art Daikan Reference in its request for reexamination of the 127 patent.  (*Id.* at 6.)

[2] The parties' final witness list was due on May 15, 2008.  Defendants were ordered by the court to produce withheld opinions and related communications on July 18, 2008.

2

Br. in Opp. at 8.)  Defendants contend Lanser's non-infringement opinion regarding a potential product is not at issue in the present case because Defendants are not relying on this opinion for its advice of counsel defense.  (*Id.* at 24.)  Defendants request that the court deny Plaintiff's motion to amend its witness list because Lanser's testimony relates to uncontested issues and the disqualification of Lanser will cause Defendants substantial hardship.  According to Böllhoff, Lanser, together with Mr. Unikel, are the only attorneys to have represented Böllhoff since the commencement of this lawsuit in or about May 2005.  Böllhoff asserts that no attorney in its office can replace Lanser at this late stage in the litigation.  Böllhoff also claims it would be "virtually impossible" for Mr. Unikel to try the case alone.  (Defs.' Resp. at 28.)

## II. STANDARD

Before addressing Plaintiff's disqualification claim, the court will determine whether Plaintiff has shown good cause to amend its witness list.  Federal Rule of Civil Procedure 16 states, in pertinent part: "[a] schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  Good cause is evaluated by the "moving party's diligence in attempting to meet the case management order's request."  *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002).  The Sixth Circuit also considers "whether the opposing party will suffer prejudice by virtue of the amendment" when assessing Rule 16's good cause standard.  *Leary v. Daescher*, 349 F.3d 888, 906 (6th Cir. 2003) (citing *Inge*, 281 F.3d at 625).

### III.  DISCUSSION

Plaintiff seeks leave to amend its witness list to add Lanser and Stotland.  (Pl.'s Mot. at 3.)  Plaintiff asserts good cause for its delay by stating it filed its motion "promptly after the completion of the briefing on the summary judgment motions and the ancillary motions to strike."[3]  (Pl.'s Mot. at 15.)  Plaintiff also claims the timeliness of amending its witness list was affected by Defendants' withholding of attorney opinion letters and Defendants' refusal to consent to Plaintiff's request to amend.[4]  (*Id.*; see also Henrob's 12/11/08 Reply Br. at 9.)

As stated during the December 19, 2008 hearing, the court finds that Plaintiff has shown good cause to amend its witness list.  Böllhoff did not arguably invoke an advice of counsel defense until March 31, 2008 and did not formally do so until May 15, 2008.  (see Pl.'s 6/6/08 Mot. to Compel Br. at 2-3 & Ex. A; see also Defs.' 6/20/08 Resp. Br. at n.1.)  Even then, while Henrob knew that Lanser's opinions may have been at issue as early as June 20, 2008,[5] Defendants did not produce those opinions until ordered to do so on July 18, 2008.  Plaintiff advised Defendants of its intent to amend the witness list on August 14, 2008, the day after Lanser's deposition and Stotland's second deposition.  Two weeks later, on August 28, 2008, Defendants informed Plaintiff that they would not consent to the amendment.  Thereafter, Defendants and Plaintiff were consumed by the

---

[3] Henrob prepared and filed two summary judgment motions on or about September 15, 2008.  Henrob also responded to approximately ten of Defendants' summary judgment motions and substantive ancillary motions.

[4] Henrob argues Böllhoff's communications regarding the AI Article demonstrate a clear conflict between Stotland's and Lanser's statements.  (see Henrob's 12/11/08 Reply Br. at 9.)

[5] The date Böllhoff filed its response to Henrob's motion to compel.  (See Böllhoff's 6/20/08 Resp. Brief in Opp.)

preparation and filing of approximately six summary judgment motions and several ancillary motions. Plaintiff filed the present motion after completing briefs on the summary judgment and ancillary motions. The court finds that this time-frame displays "diligence in attempting to meet the case management order's request." *Inge*, 281 F.3d at 625.

Further, the court finds no prejudice to Defendants related to the timing of Plaintiff's request. Indeed, Defendants do not allege any prejudice relating to Stotland, and the prejudice Defendants alleged with respect to Lanser is not based upon timing and would be equally alleged had Plaintiffs added him to the witness list in May of 2008. Both Lanser and Stotland have already been deposed and the amendment will not require additional discovery. Plaintiff has demonstrated a legitimate basis for its request for leave to amend its witness list and Defendant would not "suffer prejudice" by adding Stotland to the witness list at this time. *Leary*, 349 F.3d at 906. Plaintiff's motion will be granted in part and Plaintiff's witness list will be deemed amended to include Stotland as a witness.

However, the court will withhold ruling on whether to add Lanser as a witness. Although the timing of Plaintiff's request to add Lanser to the witness list is not problematic, the court is reluctant to allow him as a witness without a strong showing of necessity. If the court were to allow Lanser as a witness, he (as well as the court) would face the question of whether his continuation as counsel would violate Rule 3.7(a) of the Michigan Rules of Professional Conduct. Rule 3.7(a) states, in pertinent part:

> (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a *necessary* witness except where:

> 1. The testimony relates to an uncontested issue,
> . . .
> 2. disqualification of the lawyer would work substantial hardship on the client.

(emphasis added). The Michigan Court of Appeals has stated that :

> [T]he purpose of the rule is to prevent any problems that would arise from a lawyer's having to argue the credibility and the effect of his or her own testimony, to prevent prejudice to the opposing party that might arise therefrom, and to prevent prejudice to the client if the lawyer is called as an adverse witness, not to permit the opposing party to seek disqualification as a tactical device to gain an advantage.

*People v. Tesen*, 739 N.W.2d 689, 694 (Mich. Ct. App. 2007). "The party seeking disqualification in such a situation bears the burden of showing that the attorney is a necessary witness." *Id.* (citing *In re Susser Estate*, 657 N.W.2d 147 (Mich. Ct. App. 2002)). "[A]ttorneys are not necessary witnesses if the substance of their testimony can be elicited from other witnesses and the party seeking disqualification did not previously state an intent to call the attorney as a witness." *Aleynu, Inc. v. Universal Prop. Dev. and Acquisition Corp.,* 564 F.Supp.2d 751, 757 (E.D. Mich. 2008) (citing *Tesen*, 739 N.W.2d 689). Moreover, "[w]hen another lawyer is capable of representation, and has been involved with the case a long time, disqualification of the lawyer-witness does not work a substantial hardship on the client." *Id.* (citing *Waltzer v. Transidyne General Corp.,* 697 F.2d 130, 135 n.3 (6th Cir.1983)).

Here, the parties have indicated the possibility of, and their willingness to attempt to reach, a mutually agreeable stipulation to be read or given to the jury in lieu of Lanser's testimony. Such efforts of which the court is aware have thus far been insufficient; the court is not convinced that the parties have yet done enough to reach a good faith agreement.

The court does not take lightly the possible eleventh-hour disqualification of an attorney who has been actively involved in this litigation since its inception. Although Plaintiff has raised serious issues relating to a certain level of importance attaching to Lanser's proposed testimony, the court remains at this point unconvinced that, first, if Lanser were required to testify, that such testimony would qualify as "necessary," or that, second, if it were, whether his disqualification should be thereby preordained in view of the presence of more than one attorney on Defendants' trial team.

The court directs counsel forthwith to work diligently toward a mutually agreeable resolution to this situation, in the form of a reasonably comprehensive stipulation, covering the *relevant and necessary* facts that otherwise would be gleaned from Lanser's testimony. In the event that a mutually agreeable stipulation cannot be reached, the court will likely require the parties to submit their competing stipulations, without accompanying briefing or written explanations, to the court for an in camera review. The court will review the stipulations attempting to determine if the parties' negotiations have been undertaken in good faith and whether Lanser would be both required to testify as a witness and disqualified as counsel.

## IV. CONCLUSION

Accordingly, IT IS ORDERED that Plaintiff's motion for disqualification of Joseph Lanser and for leave to amend Henrob's witness list [Dkt. # 296] is GRANTED IN PART. It is GRANTED with respect to Stotland, and Henrob's witness list is deemed amended to include Harold Stotland as a witness.

IT IS FURTHER ORDERED that Plaintiff's request to disqualify Mr. Lanser and add him to the witness list is HELD IN ABEYANCE. The parties are DIRECTED to

7

confer immediately and in good faith in an attempt to arrive at a mutually agreeable resolution to this matter in the form of a stipulation to be read or given to the jury.  The court will conduct a telephone conference on **February 2, 2009 at 3:30 p.m.** to determine the status of the parties' negotiations.  The court expects that by this time the parties will have either reached a complete agreement or, if not, have at a minimum *significantly* narrowed the scope of their dispute.

                                                s/Robert H. Cleland  
                                                ROBERT H. CLELAND  
                                                UNITED STATES DISTRICT JUDGE

Dated:  January 14, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 14, 2009, by electronic and/or ordinary mail.

                                                s/Lisa Wagner  
                                                Case Manager and Deputy Clerk  
                                                (313) 234-5522

S:\Cleland\JUDGE'S DESK\C3 ORDERS\05-73214.HENROB.motdisqualifycounselandamendwitnesslist.RHC.3.wpd