**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

HENROB LIMITED,

      Plaintiff/Counter-Defendant,

v.                                                             Case No. 05-CV-73214-DT

BÖLLHOFF SYSTEMTECHNICK GMBH & CO.
and BÖLLHOFF RIVNUT, INC.,
BAYERISCHE MOTOREN WERKE AG, BMW NA,
ROLLS-ROYCE MOTOR CARS LTD.
and ROLLS-ROYCE NA,

      Defendants/Counter-Plaintiffs.

_____/

**OPINION AND ORDER DENYING DEFENDANTS'
MOTION FOR RECONSIDERATION**

On October 16, 2008, Defendants/Counter-Plaintiffs, Böllhoff Systemtechnik GmbH & Co., and Böllhoff Rivnut, Inc., (collectively "Böllhoff") and Defendants Bayerische Motoren Werke AG, BMW NA, Rolls-Royce Motor Cars Ltd., and Rolls-Royce NA (collectively "BMW") filed a "Motion to Strike Evidence and Arguments Concerning Unreliable and Unsupported Test Results." After a hearing, the court denied the motion on December 23, 2008. Defendants timely filed a motion for reconsideration of that order. No hearing or response from Plaintiff/Counter-Defendant Henrob Limited ("Henrob") is necessary, *see* E.D. Mich. LR 7.1(g), and the court will deny the motion.

**I. STANDARD**

Eastern District of Michigan Local Rule 7.1(g) provides that a motion for reconsideration shall be granted only if the movant can (1) "demonstrate a palpable

defect by which the court and the parties have been misled," and (2) show that "correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(g)(3). "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'" *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citing *United States v. Cican,* 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)).

## II.  DISCUSSION

In Defendants motion to strike, they challenged all evidence and arguments that concern the Long Strip Multi-Rivet Test (the "LSMR Test"), which is the name of a test on which Henrob's expert, Dr. Jack Hu, relies in support of his expert opinion. Specifically, as summarized by the court in its December 23 Order:

> The LSMR Test is one of three different tests on which Henrob's expert, Dr. Jack Hu, relies to show the degree of lateral material flow caused by Defendants' accused devices and the patented devices. Defendants contend that the LSMR Test is unreliable and not scientifically proven. Defendants further argue that the LSMR test "has nothing to do with Lateral Material Flow and would only cause jury confusion and unfairly prejudice Defendants." (Dkt. # 281, Defs.' Mot. to Strike at 1.) Henrob responds that Defendants arguments go to the weight, not the admissibility of the LSMR Test.

(12/22/08 Order at 2.)  After reviewing the briefs and evidence submitted by the parties, the court agreed with Henrob and denied Defendants motion. The court noted Defendants arguments, which relied upon the opinion of Defendants expert, Dr. Ulm, to suggest that

> the LSMR Test shows only the presence of vertical distortion, and cannot be used to identify inward lateral flow. (Ulm Decl. at ¶¶ 55-57, Defs.' Ex. 9.)  Defendants contend that, while the LSMR Test itself is not necessarily flawed, there is no evidence that the LSMR Test can be used to gauge lateral material flow. Moreover, according to Defendants, use of the LSMR Test would unfairly prejudice Defendants as it would lead to jury confusion. Defendants claim that the LSMR Test lacks any indicia of

2

reliability to accurately measure material flow and should therefore be excluded.

(*Id.* at 4.) The court disagreed, holding:

> . . . The court is persuaded that Dr. Hu's opinion rests on more than "speculative assumptions," as Defendants assert. He presents an objectively reasonable basis for his opinion that the LSMR Test is an effective method of visually discerning lateral material flow, or at least the effects of lateral material flow. The LSMR test itself is accepted even by Defendants as a reliable method of testing distortion. It is Dr. Hu's reasoned opinion, based on his considerable experience and studies, that the distortion is caused by lateral material flow. The court acknowledges that Defendants' experts think otherwise. Nonetheless, after reading Dr. Hu's declaration, the court cannot conclude that Dr. Hu's theory is based on mere speculation. Instead, the court finds that Dr. Hu's methodology with the LSMR Test is valid, and will leave it to the fact-finder to determine whether the conclusions he suggests should be drawn from it are also valid. On this point, Defendants will be free to cross-examine Dr. Hu and challenge his reasoning and conclusions.
>
> Nor does the court find that introduction of this evidence will lead to jury confusion or unfairly prejudice Defendants under Federal Rule of Evidence 403. Rule 403 provides for exclusion if the "probative value [of the evidence] is *substantially* outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Fed. R. Evid. 403 (emphasis added). This standard is not easily met. Defendants rely on the same arguments regarding the alleged unreliability of the LSMR Test to ask for exclusion. Because the court has already rejected these arguments, the court will not exclude the evidence under Rule 403.

(*Id.* at 6-7 (footnote omitted).)

In Defendants instant motion, they state:

> In its opinion denying Defendants' Motion to Strike, the Court correctly observed that the *Daubert* admissibility test does not require that Henrob's LSMR Test, as a measure or indicator of lateral material flow, must have achieved "general acceptance." (Opinion and Order Denying Defendants' Motions to Strike, at 5 (Dkt. No. 315), hereinafter referred to as "Order"). The Court also correctly observed that an expert's testimony must "be the result of scientific knowledge." *Id.* Defendants agree with each of these observations. Defendants' concern is that, based on the arguments and "evidence" presented by Henrob, the Court determined that Dr. Hu's (Henrob's paid expert) testimony was the result of scientific knowledge

3

>and, therefore, concluded that "[i]t is Dr. Hu's reasoned opinion, based on his considerable experience and studies, that the distortion is caused by lateral material flow." (Order at 6). Defendants believe that the Court reached this conclusion because it was misled by certain statements made by Dr. Hu in his Declaration of October 2007 (Exh. 5 of Defendants' Motion to Strike) and by the rhetoric in Henrob's opposition brief (Dkt. No. 290). Accordingly, Defendants take this opportunity in the hopes of clarifying what is believed to be an inaccurate presentation by Dr. Hu and Henrob in this regard.

(Defs.' Mot. Reconsideration at 1.) Defendants then continue to explain how statements made in Dr. Hu's October 2007 declaration purportedly contradict his deposition testimony. Defendants argue that distortion and material flow are two separate concepts, and that Dr. Hu's opinion to the contrary is unsupported. Defendants contend that Dr. Hu has no support for his statement that the LSMR Test "is an effective method to visually discern and compare the amount of lateral material induced deformation experienced by the sheets joined to together by a riveting process." (*Id.* at 3.) Defendants argue that there are no articles, studies, or tests to support Dr. Hu's theory. (*Id.* at 5.)

All of Defendants arguments, however, were already presented, in greater detail, to the court in their original motion to strike. (*See* 10/16/08 Mot. at 12-18.) A motion for reconsideration that presents "the same issues already ruled upon by the court, either expressly or by reasonable implication," will not be granted. E.D. Mich. LR 7.1(g)(3); *Czajkowski v. Tindall & Assocs., P.C.*, 967 F. Supp. 951, 952 (E.D. Mich. 1997). The court has already considered Defendants' arguments and found that their arguments went to the weight, not the admissibility, of the LSMR Test.

>Contrary to Defendants' argument, the court finds that their challenges to the LSMR Test amount to credibility challenges, not admissibility challenges. Defendants contend that the LSMR Test is not a recognized

> method of showing lateral material flow in the scientific community. Referring to Federal Rule of Evidence 702, the Supreme Court stated in *Daubert* that "[n]othing in the text of this Rule establishes 'general acceptance' as an *absolute prerequisite* to admissibility." *Daubert*, 509 U.S. at 588 (emphasis added). Rather, the expert's testimony must be the result of scientific knowledge. *Id.* at 589.

(12/22/08 Order at 5.) The court found that Henrob had met its burden of persuasion that Dr. Hu's testimony rested on the requisite scientific principles so as to be admissible. Defendants do not now identify a palpable defect by which the court has been misled which would change the court's opinion on that issue. Instead, Defendants simply rehash the arguments which they have already presented to the court. Accordingly, the court must deny Defendants motion. E.D. Mich. LR 7.1(g)(3); *Czajkowski*, 967 F. Supp. at 952.

### III. CONCLUSION

For the reasons stated above, IT IS ORDERED that Defendants' motion for reconsideration [Dkt. # 318] is DENIED .

        S/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated: September 29, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 29, 2009, by electronic and/or ordinary mail.

        S/Lisa Wagner
        Case Manager and Deputy Clerk
        (313) 234-5522

S:\Cleland\JUDGE'S DESK\C3 ORDERS\05-73214.Henrob.Reconsideration.MotionsStrike.wpd