# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

HENROB LIMITED,

      Plaintiff/Counter-Defendant,

v.                                             Case No. 05-CV-73214-DT

BÖLLHOFF SYSTEMTECHNICK GMBH & CO.
and BÖLLHOFF RIVNUT, INC.,
BAYERISCHE MOTOREN WERKE AG, BMW NA,
ROLLS-ROYCE MOTOR CARS LTD.
and ROLLS-ROYCE NA,

      Defendants/Counter-Plaintiffs.

_____/

**OPINION AND ORDER DENYING THE BMW DEFENDANTS' MOTION IN LIMINE TO PRECLUDE CERTAIN TESTIMONY OF HENROB'S DAMAGES EXPERT**

This litigation involves two patents, U.S. Patent No. 5,752,305 (the "'305 Patent") and U.S. Patent No. 5,779,127 (the "'127 Patent"), which deal with the self-piercing riveting technology invented by Plaintiff/Counter-Defendant Henrob Limited ("Henrob"). Pending before the court is a "Motion in Limine to Preclude Certain Testimony of Henrob's Damages Expert," filed by Defendants Bayerische Motoren Werke AG, BMW NA, Rolls-Royce Motor Cars Ltd., and Rolls-Royce Motor Cars NA, LLC (collectively "BMW" or "the BMW Defendants"). The motion has been fully briefed, and the court has concluded that no further hearing on the motion is necessary.[1] *See* E.D. Mich. LR 7.1(e)(2). For the reasons set forth below, the court will deny the motion.

---

[1] The court conducted a hearing in this case on December 19, 2008. Although the instant motion was not scheduled for hearing on that date, the court allowed counsel an opportunity to comment on any pending motions at that time. (*See* 12/15/08 Order.)

## I.  STANDARD

Federal Rule of Evidence 702 provides that:

> If scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

In *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* the Supreme Court held that, when faced with a proffer of expert scientific testimony, the trial judge is assigned "the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand."  509 U.S. 579, 597 (1993).

## II.  DISCUSSION

In this litigation, Henrob has asserted that BMW AG used 100 self-piercing riveting ("SPR") machines, purchased from Defendant Böllhoff Systemtechnik GmbH & Co. KG ("Böllhoff") to assemble vehicles and vehicle parts at its plant in Germany. (BMW Mot. at 1.)  These vehicles and vehicle parts were subsequently imported into the United States by Defendants BMW NA and Rolls-Royce NA.  (*Id.*)  Henrob claims that these actions infringed on its '305 Patent.  Henrob seeks $8,000,000 in damages based on its alleged reasonable royalty rate of 65% on each machine BMW AG purchased from Böllhoff.  (*Id.*)  To prove this rate, Henrob relies on the testimony of its expert Daniel Jackson.  Mr. Jackson relies in part on the use of a hypothetical negotiation date that depends on setting the negotiation at a point in time (1) after the Böllhoff SPR machines have been purchased by BMW AG, (2) after an inventory of vehicles have been manufactured by BMW AG using the Böllhoff SPR machines and (3) just before

those vehicles have been imported into the United States by BMW NA or Rolls Royce NA.  (*Id.*)

In the BMW Defendants instant motion, they argue that the court should "exclude Mr. Jackson's proposed testimony regarding the hypothetical negotiation date with the BMW Defendants on the ground that it is inconsistent with the marketplace reality."  (*Id.* at 2.)  Importantly, the BMW Defendants do not challenge Jackson's qualifications, or even his methodology as such.  Instead, they focus on the date at which Jackson sets the hypothetical negotiation date as well as the fact that Jackson assumes that Henrob would negotiate a license with Böllhoff, the maker, rather than BMW, the user.  In support of their motion, the BMW Defendants cite to the Supreme Court's decision in *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209 (1993), in which the court held that "[w]hen an expert opinion is not supported by sufficient facts to validate it in the eyes of the law, or when indisputable record facts contradict or otherwise render the opinion unreasonable, it cannot support a jury's verdict."  *Id.* at 242.

Specifically, the BMW Defendants argue that in a hypothetical world where infringement is assumed, Böllhoff would have acquired a license from Henrob which would have allowed the BMW Defendants to use the machines sold to it by Böllhoff.  (*Id.*)  The BMW Defendants argue that Jackson's expert report, which does not rely on such a scenario, is not grounded in facts.  (*Id.* (citing *Riles v. Shell Exploration & Prod. Co.*, 298 F.3d 1302, 1311 (Fed. Cir. 2002) (holding that the damages analysis "requires sound economic and factual predicates")).)  The BMW Defendants argue that Jackson's testimony regarding the hypothetical negotiation date for the BMW Defendants should

3

be excluded and that, instead, Jackson should only be able to offer his proposed testimony regarding a hypothetical negotiation date with Böllhoff sometime prior to November 2000.  (*Id.* at 2-3.)

In response, Henrob contends that Jackson's hypothetical negotiation date is supported by both the facts and the law and, as such, the court should deny the BMW Defendants' motion.  The court agrees.

First, Henrob has identified sufficient case law to support its negotiation date. The Federal Circuit has held:

> When an established royalty does not exist, a court may determine a reasonable royalty based on "hypothetical negotiations between willing licensor and willing licensee."  *Fromson*, 853 F.2d at 1574.  We have held that a reasonable royalty determination for purposes of making a damages evaluation must relate to the time infringement occurred.  *Hanson v. Alpine Valley Ski Area, Inc.*, 718 F.2d 1075, 1079 (Fed. Cir. 1983) ("The key element in setting a reasonable royalty ... is the necessity for return to the date when the infringement began.") (*quoting Panduit Corp. v. Stahlin Bros. Fibre Works, Inc.*, 575 F.2d 1152, 1158 (6th Cir. 1978)); *see also Fromson*, 853 F.2d at 1575 (holding that hypothetical royalty negotiations methodology "speaks of negotiations as of the time infringement began").

*Applied Medical Res. Corp. v. U.S. Surgical Corp.*,  435 F.3d 1356, 1361 (Fed. Cir. 2006).  Here, in Henrob's claim against the BMW Defendants, Henrob alleges infringement based upon the importation of the vehicles made with Böllhoff's machines. *See* 35 U.S.C. § 271(g) (stating that parties are liable for infringement based on importation of product made by a process protected by a patent).  The court finds nothing in the relevant case law which absolutely prohibits Henrob from relying on a hypothetical negotiation date immediately prior to the alleged infringement date. Rather, such a date is expressly sanctioned by *Applied Medical* and the authorities cited therein.  It is understandable that the BMW Defendants argue for an earlier date, and

4

they will be free to make such an argument at trial, either on cross-examination of Jackson, by presenting competing expert testimony, or otherwise. But for purposes of the BMW Defendants' motion in limine, the court finds that Jackson is not precluded from using such a date.

Nor is the court persuaded that Jackson's damages calculations necessarily constitute impermissible double-recovery. Henrob states that it seeks recovery from Böllhoff for all non-BMW related alleged infringement and recovery from Böllhoff and BMW, jointly and severally, for BMW's own, separate infringement. Henrob points to a 2006 Federal Circuit case, in which the court stated:

> Furthermore, other courts, including the Supreme Court, have held that parties that make and sell an infringing device are joint tort-feasors with parties that purchase an infringing device for use or resale. *Birdsell v. Shaliol*, 112 U.S. 485, 488-89, 5 S.Ct. 244, 28 L.Ed. 768 (1884); *Dowagiac Mfg. Co. v. Deere & Webber Co.*, 284 F. 331, 337 (8th Cir.1922). Each joint tort-feasor is liable for the full amount of damages (up to a full single recovery) suffered by the patentee. *Birdsell* at 488-89, 5 S.Ct. 244; *Dowagiac,* at 337. Entry of judgment against one infringer does not automatically release other related infringers. *Sherman, Clay & Co. v. Searchlight Horn Co.*, 225 F. 497, 500 (9th Cir. 1915) ("There may be as many causes of action as there are joint tort-feasors, and as many recoveries, but there can only be one satisfaction."). This court agrees with and adopts this rule.

*Glenayre Electronics, Inc. v. Jackson*, 443 F.3d 851, 871 -72 (Fed. Cir. 2006). Thus, the Federal Circuit recognized that "in patent infringement cases each joint-tortfeasor is liable for the full amount of damages up to a full single recovery, and that there may be as many causes of action as there are joint-tortfeasors." *Id.* at 872. The court finds nothing inherently improper with Jackson's damages calculations sufficient to foreclose the admission of his testimony. Again, the BMW Defendants are free to cross-examine Henrob's witness and present their own alternative theory of calculation.

5

Finally, Henrob has pointed to a sufficient factual basis to support its theory of the hypothetical negotiation date.  Henrob intends to show at trial that Henrob, in fact, attempted to negotiate a license for the '305 Patent with BMW directly, rather than solely with Böllhoff.  (Pl.'s Resp. at 2.)  Further, Henrob's position is that BMW never asked Böllhoff to take a license with the '305 Patent, but instead merely required Böllhoff to indemnify it from any patent infringement claims.  (*Id.*)  Henrob further argues that BMW could not "reasonably rely on Böllhoff's good faith as the supplier of infringing machines. Indeed, the evidence shows that Böllhoff has declined even to indemnify BMW for liability in this action, and will require BMW to sue Böllhoff in order to receive coverage."  (*Id.* at 2-3.)  These factual predicates, if accepted by the jury, could support Jackson's theory that the BMW Defendants would have obtained a license directly from Henrob, as opposed to relying on any potential license between Henrob and Böllhoff.

In sum, the court finds that the BMW Defendants have not identified a legal basis to preclude the Jackson's testimony regarding the date of the hypothetical negotiation date between Henrob and BMW, nor have the BMW Defendants shown that Jackson's testimony is not supported by a sufficient factual basis so as to be admissible under Federal Rule of Evidence 702.  Instead, the BMW Defendants have identified various bases on which to cross-examine Jackson and, perhaps, highlight possible weaknesses in his analysis.  Accordingly, the court will not preclude his testimony on this point and the motion will be denied.

### III.  CONCLUSION

For the reasons stated above, IT IS ORDERED that the BMW Defendants' "Motion in Limine to Preclude Certain Testimony of Henrob's Damages Expert" [Dkt. # 202] is DENIED.

        S/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated:  September 29, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 29, 2009, by electronic and/or ordinary mail.

        S/Lisa Wagner
        Case Manager and Deputy Clerk
        (313) 234-5522

S:\Cleland\JUDGE'S DESK\C3 ORDERS\05-73214.HENROB.Expert.Damages.wpd